UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JIMMIE NEYLAND                                    CIVIL ACTION

VERSUS                                            NO: 08-4431

STEVEN A. BALSANO, ET AL.                         SECTION: "A" (2)


**ORDER AND REASONS**

On August 10, 2009, this matter came to trial before a jury on claims asserted by the Plaintiff under the Fair Debt Collection Practices Act ("FDCPA"). The jury returned a verdict in favor of the Plaintiff on the FDCPA claim.

Section 1692k of the FDCPA authorizes the award of damages for violations of the Act. Subsection 1692k(a)(1) permits a successful plaintiff to recover "any actual damage sustained." Subsection 1692k(a)(2)(A) permits the recovery "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000." Subsection 1692(a)(3) permits the recovery of "a reasonable attorney's fee as determined by the court." In the instant matter, the jury found that the Plaintiff did not sustain any actual damages. The Court must decide the issues of statutory damages and attorney fees under the FDCPA.

To be eligible for statutory damages, the Plaintiff must establish that the Defendant violated

the Act. *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051 (8th Cir. 2002). Here, the jury found by a preponderance of the evidence that the Defendants violated the Act, though it awarded no actual damages. However, it is not necessary for the Plaintiff to recover actual damages to recover statutory damages. *See McDaniel v. Asset Retrieval of Florida*, 1996 WL 7001 (E.D. La. 1996)(Clement, J.), *cited with approval in Peter v. GC Services L.P.*, 310 F.3d 344 (5th Cir. 2002).

In assessing statutory damages, the Court considers the factors in set out in the FDCPA: (1) the frequency and persistence of the conduct, (2) the nature of such noncompliance, and (3) the extent to which such noncompliance was intentional. Subsection 1692k(b)(1). In applying those factors, the Court finds that an award of damages is justified. While the frequency and persistence of the conduct were not severe, the record shows that the nature of the noncompliance was irresponsible at its best and patently unethical at its worst. Further, the extent of the noncompliance was considerable–the Plaintiff presented evidence of five alleged violations of separate provisions of the FDCPA. Therefore, the Court feels that the maximum statutory award of $1,000 will serve to deter this type of conduct in the future and further the purpose behind the enactment of the FDCPA.

Subsection 1692k(1)(3) provides for an award of attorney's fees for the prevailing party, to be determined by the Court. However, courts have been reluctant to award attorney's fees in cases where the Plaintiff has not sustained actual damages. *See Johnson v. Eaton*, 80 F.3d 148 (5th Cir. 1996)(holding that the FDCPA requires proof of actual or additional damages to recover attorney's fees); *Farrar v. Hobby*, 506 U.S. 103, 120, 113 S.Ct. 566, 578, 121 L.Ed.2d 494 (1992)(holding that an award of attorney's fees is an abuse of discretion where nominal damages are awarded in a civil

rights suit). While *Johnson* may not be a complete bar to recovery of attorney's fees,[1] under these circumstances the Court finds that an award of attorney's fees is not appropriate.

Therefore, for the reasons set forth above,

**IT IS ORDERED** that judgment be entered for the plaintiff in the amount of $1,000 for statutory damages.

New Orleans, Louisiana, August 25, 2009

_____
UNITED STATES DISTRICT JUDGE

---

[1] The *Johnson* Court held that a Plaintiff must prove actual or additional damages under the FDCPA to recover attorney fees. *Johnson,* 80 F.3d at 152.